H. I. Hettinger & Compañía, demandante y apelada, *v.*
Rafael Buscaglia, Tesorero de Puerto Rico, demandado
y apelante.

Núm. 8798.—*Sometido:* Febrero 10, 1944. *Resuelto:* Marzo 23, 1945.

*Hon. Procurador General Interino Jesús A. González (M. Rodríguez
Ramos, Exprocurador General Interino,* en el alegato) y *J. Rivera
Barreras, Procurador Auxiliar,* abogados del apelante; *H. S. Mc-
Connell,* abogado de la apelada.

El Juez Presidente Señor Travieso emitió la opinión del
tribunal.

En el caso de *Porto Rico Iron Works, Inc.* v. *Busca-
glia,* 62 D.P.R. 868, interpretando el estatuto entonces vigente,
decidimos que los contratistas de obras para las autoridades
sobre hogares, tanto la insular como las municipales, no están
exentos del pago de la contribución de 2 por ciento sobre el
montante de la obra, impuesto por la sección 16, inciso 4,
"Otros Arbitrios" de la Ley de Rentas Internas.

Reafirmamos ahora nuestra decisión en el referido caso
de *Porto Rico Iron Works,* en cuanto al indicado extremo,
pero haciendo constar que el Juez Asociado Sr. Snyder,
quien no intervino en dicha decisión, está conforme con el
resultado mas no con el razonamiento de la misma.

■ Existe un factor adicional en el presente caso. La demandante alega que está exenta del pago de la contribución local por virtud de una ley federal, (Sec. 5(e) Act of September 1, 1937, 42 U.S.C.A. 1405(e)) por razón de que su contrato fué celebrado con la autoridad federal de hogares y con la autoridad local.

No es necesario que decidamos esta cuestión, en vista de la manera en que este caso ha llegado ante nosotros y en vista también de la legislación insular aprobada posteriormente, a la cual nos referiremos más adelante.

El caso ha venido ante nos por virtud de apelación interpuesta por el Tesorero de Puerto Rico contra una sentencia dictada como consecuencia de una resolución declarando sin lugar la excepción previa de falta de causa de acción, interpuesta por el Tesorero demandado. Por lo tanto, en vista de la generalidad de la alegación en cuanto a la existencia de un contrato con la Autoridad de Hogares de los Estados Unidos, no estamos en condiciones para poder determinar si el estatuto federal citado es realmente aplicable a los hechos del caso. Y siendo nuestro propósito devolver el caso a la corte inferior por otro motivo, nos abstendremos de resolver ahora esta cuestión.

Mientras este caso se encontraba pendiente de ser resuelto por este Tribunal, la legislatura insular aprobó la Ley núm. 105 de mayo 14 de 1944 (pág. 275), eximiendo a los contratistas que hayan celebrado contratos con la Autoridad de Hogares de Puerto Rico del pago de ciertas contribuciones y arbitrios y ordenando la devolución de los ya cobrados. La demandante reclama el beneficio de dicho estatuto. En el caso de *Porto Rico Iron Works,* supra, nos negamos a reconsiderar nuestra decisión basándonos en que la citada Ley núm. 105 empezó a regir en fecha posterior a la de nuestra sentencia y en que las cuestiones de hecho suscitadas no podían ser debidamente resueltas por un tribunal de apelación mediante moción de reconsideración.

Empero, el presente caso no ha sido aún resuelto y nos encontramos por lo tanto frente a la nueva legislación. Además, el presente caso nunca fué a juicio y lo correcto es que la corte de distrito tenga una oportunidad para resolver (a) en cuanto a los hechos probados ante ella y (b) en vista del nuevo estatuto, si la demandante está cubierta por el estatuto federal o por el reciente estatuto insular concediendo exenciones.

*Por las razones expuestas revocaremos la sentencia recurrida y devolveremos el caso a la Corte de Distrito para procedimientos ulteriores no inconsistentes con esta opinión.*